IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOHN TIMOTHY PRICE,**

                      **Petitioner,**

        v.                                                            **CASE NO. 23-3104-JWL**

**J. ARMBRISTER,**

                      **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner John Timothy Price, who proceeds pro se, is being held at the Douglas County Jail (DCJ) in Lawrence, Kansas. According to the online records of the Douglas County District Court, Petitioner has been charged with felony battery on a law enforcement officer and his preliminary hearing is scheduled for next month. *See* Online Records of Douglas County, Kansas, Case No. 2023-CR-000042. Petitioner has paid the statutorily required filing fee.

Rule 4 of the Rules Governing § 2254 Cases requires this Court to review a habeas petition[1] upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. The Court has conducted a preliminary review of the petition and will direct Petitioner to show cause, in writing, why this action should not be dismissed without prejudice for the reasons explained below.

In his petition, Petitioner list four grounds for relief. (Doc. 1, p. 6-7.) Because Petitioner is

---

[1] Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241.

1

proceeding pro se, the Court liberally construes the petition, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted). The Court has liberally construed the petition in this matter, but if the Court has misunderstood any of the arguments Petitioner intended to make in the petition, Petitioner may so inform the Court in his response to this order.

Liberally construing the petition, Ground One alleges that defense counsel provided unconstitutionally ineffective assistance—presumably in the ongoing criminal prosecution referenced above—by failing to object to or remediate misconduct and misrepresentation by the prosecuting attorney. *Id.* at 6. Ground Two alleges "insufficient process" in the ongoing Douglas County criminal prosecution of Petitioner, asserting that the prosecution was begun under false pretenses and is based upon false statements made under penalty of perjury. *Id.* Ground Three asserts a Double Jeopardy violation based on the allegation that the same acts underly both the criminal prosecution and a previous DCJ disciplinary proceeding. *Id.* Ground Four alleges perjury, asserting that unnamed "[p]ublic servants of qualified authority falsely swore to documented filing to the court and/or sheriff's office, under penalty [of] perjury[, w]hich they knew to be false." *Id.* at 7. As relief, Petitioner asks for "Redress/Recourse/Remedy – Issuance [of] writ of habeas corpus § 2241." *Id.*

As the Court understands them, all four grounds for relief challenge Petitioner's current detention by the State of Kansas, and 28 U.S.C. § 2241 "is the proper avenue by which to challenge pretrial detention." *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007). Nevertheless,

requests for pretrial federal habeas corpus relief are not favored. *Jones v. Perkins*, 245 U.S. 391-92 (1918). Although "the traditional function of the writ [of habeas corpus] is to secure release from illegal custody," *see Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973), the United States Supreme Court has long held that federal courts generally should not exercise their power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional.

In 1886, the United States Supreme Court described some very limited circumstances in which such intervention might be proper, such as when the individual is in custody for an allegedly criminal act that was required by federal law or federal court order, when the individual is a citizen of a foreign country and is in state custody for an allegedly criminal act done under the authority of that foreign country, when the matter is urgent and involves the United States' relations with foreign nations, or when there is some reason why the state court may not resolve the constitutional question in the first instance. under *Ex Parte Royall*, 117 U.S. 241, 251-52 (1886). Otherwise, federal courts must abstain from interfering with the process of state courts. *Id.* at 252 (stating that federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity").

Nearly a century later, the United States Supreme Court reaffirmed that principles of comity dictate that generally a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971). Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). If these three circumstances are present,

federal abstention is mandatory unless extraordinary circumstances require otherwise. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)). Extraordinary circumstances that warrant federal intervention in ongoing state criminal proceedings include cases "'of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction.'" *Amanatullah*, 187 F.3d at 1165. However, a petitioner asserting such circumstances must make "'more than mere allegations of bad faith or harassment.'" *Id.*

The petition in this case does not allege the type of circumstances under which *Ex Parte Royall* allows federal-court intervention in a state criminal prosecution. Petitioner does not allege that the state criminal charge against him is based on actions he took under the authority of a federal law or foreign government, nor does this case involve foreign relations or present any indication that the State of Kansas should not be allowed to resolve Petitioner's constitutional claims. Similarly, the three conditions in *Younger* appear to be satisfied. The criminal case against Petitioner is ongoing. *See* Online Records of Douglas County, Kansas, Case No. 2023-CR-000042. The State of Kansas has an important interest in prosecuting crimes that involve the violation of Kansas laws. *See In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007). And Kansas' state courts provide Petitioner the opportunity to present his challenges, including any federal constitutional claims, whether in the state district court or, if necessary, on appeal or in further proceedings. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993). Thus, it appears that *Ex Parte Royall* and *Younger* require this Court to decline to interfere in the ongoing criminal proceedings against Petitioner in Douglas County.

Petitioner is therefore directed to show cause, in writing, on or before June 20, 2023, why this matter should not be dismissed in its entirety because *Ex Parte Royall* and *Younger* require

the Court to abstain from granting relief on any of the grounds asserted in the petition. The failure to file a timely response to this order will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is directed to show cause, in writing, on or before June 20, 2023, why this matter should not be dismissed without prejudice for the reasons set forth above.

**IT IS SO ORDERED.**

DATED:   This 18th day of May, 2023, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge