## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JOHN TIMOTHY PRICE,**

                    **Petitioner,**

         **v.**                                        **CASE NO. 23-3104-JWL**

**J. ARMBRISTER,**

                    **Respondent.**


## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by John Timothy Price, who proceeds pro se and who is currently incarcerated at the Douglas County Jail in Lawrence, Kansas. On May 18, 2023, the Court issued a Notice and Order to Show Cause (NOSC) directing Petitioner to show cause, in writing, on or before December 22, 2022, why this matter should not be dismissed. (Doc. 3.) The NOSC explained that all of the grounds for relief asserted in the petition "challenge Petitioner's current detention by the State of Kansas" on pending criminal charges. *Id.* at 1-2. The NOSC then set forth the very limited circumstances in which the United States Supreme Court has held federal-court intervention to discharge a person being detained by a state for trial on a state crime. *Id.* at 3-4 (citing *Ex Parte Royall*, 117 U.S. 241 (1886), and *Younger v. Harris*, 401 U.S. 47 (1971)). Applying that relevant case law to the allegations in the petition, the Court concluded that "[t]he petition in this case does not allege the type of circumstances under which *Ex Parte Royall* allows federal-court intervention in a state criminal prosecution" and "the three conditions in *Younger* [that require abstention] appear to be satisfied." *Id.* at 4. Thus, "it appears that *Ex Parte Royall* and *Younger* require this Court to decline to interfere in the ongoing criminal proceedings against Petitioner in Douglas County." *Id.*

The Court granted Petitioner until and including June 20, 2023, in which to inform the Court if it misunderstood any of the arguments he intended to make in the petition and in which to show cause, in writing, why this matter should not be dismissed in its entirety under *Ex Parte Royall* and *Younger*. *Id.* at 2, 4-5. The NOSC expressly cautioned Petitioner that "[t]he failure to file a timely response to this order will result in this matter being dismissed without further prior notice to Petitioner." *Id.* at 5. The deadline to respond to the NOSC has passed and Petitioner has not filed a response. Thus, this matter is subject to dismissal under the abstention doctrines for the reasons set forth in the NOSC.

In addition, Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting that Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure . . . to comply with the . . . court's orders"). Due to Petitioner's failure to comply with the NOSC, the Court concludes that this matter is also subject to dismissal under Rule 41(b).

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that the COA requirement applies "whenever a state prisoner habeas petition relates to matters flowing from a state court detention order").

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice under the abstention doctrines explained in the Court's prior order and, in the alternative, under Fed. R. Civ. P. 41(b) for failure to comply with a court order. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 27th day of June, 2023, at Kansas City, Kansas.


S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge